IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHERI RANAE JENSEN                                              PLAINTIFF

V.                              NO. 12-5007

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sheri Ranae Jensen, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on January 12, 2010, alleging

an inability to work since January 1, 2007, due to severe depression, broken right knee, "busted"

ear drum, and nerve damage in her neck, back, hip and right leg.  (Tr. 24, 131, 139).  An

administrative hearing was held on May 13, 2011, at which Plaintiff appeared with counsel and

testified.  (Tr. 20-42).

By written decision dated July 29, 2011, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe - status post

-1-

right tibial plateau fracture with right knee surgery.  (Tr. 11).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 13).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  (Tr. 13).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform her past relevant work as a receptionist, administrative clerk, or process server.  (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 8, 2011.  (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 3).  Both parties have filed appeal briefs, and the case is now ready for decision . (Docs. 5, 6).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In

-2-

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  <u>Young v. Apfel</u>, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  <u>Pearsall v. Massanari</u>, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  <u>See</u> <u>McCoy v. Schneider</u>, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

-3-

III.    **Discussion:**

Plaintiff raises the following issues on appeal: 1). The ALJ erred in failing to consider all of the Plaintiff's impairments in combination; 2) The ALJ erred in his analysis and credibility findings in regard to the Plaintiff's subjective complaints of pain; 3) The ALJ erred in finding that Plaintiff retained the RFC to perform a full range of light work; and 4) The ALJ erred in failing to fully and fairly develop the record. (Doc. 5).

What causes the Court concern is the fact that no Physical RFC Assessment was completed in this case. The ALJ also discussed Plaintiff's daily activities only as they related to Plaintiff's alleged mental impairments, finding that in the area of daily living activities, "the claimant has no limitation from psychological causes." (Tr. 12). He also stated as follows:

> She has difficulty standing over 5-10 minutes. Low back pain restricts her sitting to about 10 minutes. After that, she must no only stand but, also, move about. Ms. Jensen alleged she lacks the strength to pick up grocery sacks so her daughters do that for her. When she attempts to lift anything, she feels pain all along her right side. Even with pain medication, her constant pain is reduced to only a "7" on a scale of 10. She lies down 2-3 times a day. She avoids being in public as much as she can. In a function report, she wrote that she is not as social as she once was and she has abandoned dancing. She stated she is fearful of falling while walking (5E).

(Tr. 13-14).

Although the ALJ addressed Plaintiff's knee issues, as to Plaintiff's back pain, he stated:

> Although Ms. Jensen spoke of low back pain in her testimony, Dr. Coker writes only of her knee. The undersigned does not find supportive evidence for the claimant's assertions that her pain limits her postural activities to the extent she alleges.

(Tr. 14-15).

The medical records reflect that Plaintiff complained of low back pain to chiropractor

-4-

John Keller on December 8, 2006. (Tr. 321). She also complained of low back problems to Rodney Goodsell, Ph.D., a marriage counselor, on July 10, 2007. (Tr. 359). On January 26, 2008, Plaintiff presented herself to Washington Regional Medical Center, complaining of sharp, constant pain in her back. (Tr. 230). She was diagnosed with muscle pain and muscle spasms. (Tr. 232). On July 8, 2008, when Plaintiff presented herself to Dr. Matthew J. Coker, of Ozark Orthopaedics, who performed surgeries on Plaintiff's right knee, he reported that they did talk about Plaintiff's lower back problems as well. (Tr. 426).

In the Disability Report - Field Office, it was reported that Plaintiff had difficulty sitting, standing, and walking. (Tr. 132). In her Pain Questionnaire dated February 5, 2010, Plaintiff complained of constant headaches, TMJ pain, neck muscles tight, back lower/upper, right knee pain, and reported that she could stand only 5 to 10 minutes at a time. She further reported that she was going to a chiropractor two to three times a week, which helped, as well as taking Aleve daily. (Tr. 167). In an Undated Disability Report - Appeal, Plaintiff reported that she could hardly lift anything at all. (Tr. 174). In another Undated Disability Report - Appeal, Plaintiff reported that her back hurt constantly. (Tr. 182). At the hearing, Plaintiff testified that she had difficulty standing because of her lower back and right knee, and that the pain in her back radiated into her leg. (Tr. 28-29). She stated that from her shoulder down into her back on her right side hurt when she lifted anything. (Tr. 31). She further stated that on a pain scale, her lower back pain was eight and her knee pain was seven. (Tr. 31). Although Plaintiff testified that losing 110 pounds after having her gastric bypass surgery helped to alleviate some of the pain in her knee and back, it had not totally reduced the pain. (Tr. 33).

The ALJ gave Dr. Coker's records great weight, and Dr. Coker's most recent report dated

-5-

February 18, 2011, indicated that Plaintiff was doing well after the pins were removed from her right knee.  However, based upon the record as a whole, there is a question as to whether Plaintiff suffered from limitations that would affect her ability to function in the workplace, given her two knee surgeries, and complaints of neck and lower back pain. Accordingly, the Court believes the matter should be remanded in order for the ALJ to obtain a Physical RFC Assessment from either Plaintiff's treating physician or from an examining physician. The Court also suggests that given Plaintiff's alleged mental impairments, the ALJ may want to consider obtaining a Mental RFC Assessment from an examining mental health specialist.  Once received, the ALJ should then re-evaluate Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 15th day of February, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)